In re REX KING PROPERTIES & INVESTMENTS, INC., Debtor.

J.W. LENNEY, Plaintiff/Appellee,

v.

REX KING, LTD. NO. 51, a limited partnership, et al., Defendants,

and

Bert S. Kosut & W. Jane Kosut, Real Parties in Interest and Appellants.

LAGUNA FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff/Appellee,

v.

REX KING, LTD. NO. 49, a limited partnership, et al., Defendants,

and

Bert S. Kosut & W. Jane Kosut, Real Parties in Interest and Appellants.

BAP No. CC–82–1146–GVH.
Bankruptcy No. SA 81–01375 AP.
Adv. Nos. SA 81–0707 AP, SA 81–0665 AP.

United States Bankruptcy Appellate Panels for the Ninth Circuit.

Argued Oct. 14, 1982.

Decided Aug. 23, 1983.

Kenneth E. Hagen, Fullerton, Cal., for real parties in interest and appellants.

John E. Barnett, Stodd & Barnett, Santa Ana, Cal., for plaintiffs/appellees.

Before GEORGE, VOLINN and HUGHES, Bankruptcy Judges.

GEORGE, Bankruptcy Judge:

Appeal has been taken from a judgment of the lower court holding that attorneys' fees and costs, incurred by secured creditors in seeking relief from the automatic stay herein, became a lien against the real property securing their debt and they had to be paid by the appellants in curing the default on these obligations. We AFFIRM.

I. BACKGROUND

Prior to the filing of its petition under Chapter 11 of the Bankruptcy Code, the debtor, REX KING PROPERTIES & INVESTMENTS, INC. ("Rex King, Inc."), was involved in the ownership and/or management of some 453 parcels of residential real property. Although most of these

properties were owned entirely by the debtor, some 82 parcels were owned by limited partnerships, in which Rex King, Inc. and its principal, Rex King, each owned a one-percent interest as a general partner. The appellants, BERT S. KOSUT and W. JANE KOSUT, were limited partners in the two limited partnerships named above as defendants.

Immediately prior to the filing of the debtor's Chapter 11 petition, each of the plaintiff/appellees herein was in the process of foreclosing upon the real property owned by one of the defendant limited partnerships. Shortly after the filing of the debtor's petition, a trustee was appointed to manage all of the debtor's real properties, including those involved in this appeal. In light of the debtor's interest, though nominal, in the limited partnerships which owned the subject real properties and the fact that the trustee was in possession of the properties, the plaintiff/appellees thought it necessary to obtain a lifting of the automatic stay prior to continuing their foreclosure actions. Adversary proceedings seeking this relief were thus brought against each of the above-named limited partnerships.

Eventually, the appellees' proceedings for relief from the automatic stay were settled by a curing of the limited partnerships' defaults. Under protest, the appellants paid not only the sums in default, but also the appellees' attorneys' fees and costs in seeking relief from the automatic stay. These fees and costs were demanded pursuant to a provision in each of the promissory notes and deeds of trust executed by the defendant limited partnerships. The appellants, however, argued that the complaints to lift the automatic stay had been unnecessary and that the fees and costs incurred in that effort were, therefore, unreasonable expenses and should not have been charged in the amount due to cure the defaults in question. A request was thus made of the trial court to resolve this conflict.

On April 6, 1982, the bankruptcy court entered a judgment and a memorandum in support of that judgment, holding that the plaintiff/appellees' actions in seeking to lift the automatic stay had been reasonable, in light of the circumstances surrounding the possession of the real properties in question. The trial court further found that the attorneys' fees and costs, incident to the filing of the complaints to lift stay, were reasonable and necessary. These fees and costs were thus held to be allowable under the plaintiff/appellees' respective deeds of trust and, until paid, they would become liens against the subject real property. The instant appeals followed.

Following the pattern below, the appeals in these proceedings have been consolidated.

## II.  ANALYSIS OF THE FACTS AND THE LAW

As stated above, the principal contention of the appellants is that the complaints by the plaintiffs/appellees to lift the debtor's automatic stay were unnecessary aspects of their attempted foreclosures. In this regard, the appellants do not question that the relevant deeds of trust allow the plaintiffs/appellees to be compensated for attorneys' fees and costs, incurred as the result of reasonable efforts to realize upon their collateral, following default. Neither do they allege that the actual fees and costs charged are excessive for the services performed.

Instead, they note that the debtor's relationship to these real properties was limited to its role as a general partner of the limited partnerships which owned the properties. They then observe that this general partnership position gave the debtor—and, subsequently, the trustee—three types of rights in the real properties. First, they claim that the debtor had a potential right of co-ownership under the California partnership laws. Second, they assert that, under the limited partnership agreement, Rex King, Inc. had a subordinated one percent (1%) capital interest in the limited partnership, which had no value. Finally, they agree that the debtor had the right to participate in the management of the partnership and, therefore, of its assets.

The appellants maintain that these three "interests" in the subject real properties were insufficient to call into effect the automatic stay provided by 11 U.S.C. § 362(a) to prevent foreclosure against the properties. Therefore, they argue that the efforts of counsel for the plaintiffs/appellees to lift the debtor's automatic stay were unnecessary and, thus, unreasonable.

We cannot agree with the appellants' method of analysis. In the case at bar, the trustee had assumed control of these properties. The bankruptcy court was administering the affairs of each real property parcel. Although the plaintiffs/appellees would have undoubtedly agreed with the present appellants' contentions that the debtor's automatic stay should not have prevented their foreclosure attempts, it was not a wasteful extravagance for them to protect the integrity of their clients' respective foreclosure sales by seeking relief from the bankruptcy court which was exercising actual custody and apparent jurisdiction over these parcels.

### III. CONCLUSION

We find that the attorneys' fees and costs, incurred by the plaintiffs/appellees in seeking a lifting of the automatic stay in this case, were reasonable and that they could have been charged, as a lien, against the real property herein. Moreover, the payment of these fees and costs was necessary to cure the defaults under the terms of the notes and deeds of trust executed by each of the defendant limited partnerships. This being the same conclusion which was reached by the court below, we must AFFIRM.